UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARY BECKWORTH, | ) |
| | ) |
| Plaintiff, | ) Civil Action No.: 5:18-cv-849 |
| | ) |
| v. | ) |
| | ) |
| USI SOLUTIONS, INC., | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, MARY BECKWORTH ("Plaintiff"), through Plaintiff's attorney, SCOTT, VICKNAIR, HAIR & CHECKI, LLC, alleges the following against Defendant, USI SOLUTIONS, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k.

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in Sibley, Louisiana.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a collection agency domiciled in Bristol, Pennsylvania.

11. Defendant is a business entity engaged in the collection of debt within the State of Louisiana.

12. Defendant's business includes collecting on unpaid, outstanding account balances.

13. The principal purpose of Defendant's business is the collection of debts.

14. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

15. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

17. Defendant is attempting to collect an alleged consumer debt from Plaintiff.

18. The alleged debt at issue arose from transactions for personal, family, or household purposes.

19. In or around April of 2018, Defendant began calling Plaintiff on Plaintiff's cellular telephone to collect the alleged debt.

20. Around the same time, Defendant began calling Plaintiff's husband for the same purpose.

21. Plaintiff's husband told Defendant to stop calling Plaintiff and himself.

22. Defendant responded by saying it can call both of them whenever it wants.

23. Defendant threatened to report the alleged debt to the credit bureaus.

24. The alleged debt is too old to legally report to the credit bureaus.

25. Defendant attempted to obtain a settlement payment from Plaintiff, however the alleged debt is too old to be legally enforceable.

26. Defendant attempted to obtain partial payment from Plaintiff yet failed to advise Plaintiff of the pitfalls of a partial payment.

27. Defendant's collectors behaved in a rude and harassing manner when talking to Plaintiff.

28. Defendant's collectors threatened actions they could not legally take and did not intend to take.

29. Defendant's collectors called and left voice messages with Plaintiff in which they never stated they were debt collectors or attempting to collect a debt.

30. Defendant called Plaintiff without meaningful disclosure of its identity.

31. Defendant used false and deceptive means in an attempt to collect a debt.

32. Defendant used false, deceptive, misleading, unfair, and unconscionable collection practices.

33. Defendant's collectors are familiar with the FDCPA.

34. Plaintiff suffered mental and emotional distress due to Defendant's illegal actions.

35. Plaintiff suffered financial and economic harm due to Defendant's illegal actions.

36. Defendant's collectors were working within the course and scope of their employment

when they communicated with Plaintiff.

37. The natural consequence of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

38. The natural consequence of Defendant's statements and actions was to cause Plaintiff mental and emotional distress.

## VIOLATIONS OF THE FDCPA

39. The preceding paragraphs are incorporated as if fully stated herein.

40. Defendant is liable under 15 U.S.C. § 1692d for using harassing and abusive tactics to collect the alleged debt.

41. Defendant is liable under 15 U.S.C. § 1692e for making false, deceptive, and misleading representations regarding the alleged debt.

42. Defendant is liable under 15 U.S.C. § 1692f for using unfair and unconscionable debt collection methods.

## JURY DEMAND

43. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that judgment be entered in Plaintiff's favor and against Defendant, including the following relief:

1. An injunction requiring Defendant to cease all collection efforts against Plaintiff for the alleged debt.
2. Statutory damages under the FDCPA of $1,000.
3. All actual damages suffered by Plaintiff pursuant to 15 U.S.C. § 1692k.
4. All costs and attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1692k.

5. Any other relief that this Court deems appropriate.

DATED: June 26, 2018                RESPECTFULLY SUBMITTED,

*/s/ Samuel J. Ford*
Samuel J. Ford, Esq., T.A. #36081
Scott, Vicknair, Hair & Checki, LLC
909 Poydras St., Ste. 1100
New Orleans, LA 70112
ford@svhclaw.com
Phone: (504) 684-5200
Fax: (504) 613-6351
Attorney for Plaintiff