UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **MARY BECKWORTH** | **CASE NO. 5:18-CV-00849** |
| **VERSUS** | **JUDGE S. MAURICE HICKS, JR.** |
| **USI SOLUTIONS, INC.** | **MAGISTRATE JUDGE HORNSBY** |

### JUDGMENT

Plaintiff, Mary Beckworth, is before the Court on a Motion to Dismiss Without Prejudice and for the Court to Retain Jurisdiction (Record Document 4). For the reasons set forth below, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

Dismissal of this action is appropriate without court order pursuant to F.R.C.P 41(a)(1)(A)(i), as Defendant has not served an answer or motion for summary judgment on Plaintiff. Therefore, Plaintiff's claims are hereby **DISMISSED** without prejudice. However, the Court will not retain jurisdiction to reopen the case upon a motion to do the same for good cause shown, as Plaintiff has requested in the current motion.

In Ford v. Sharp, the Fifth Circuit stated, "If a plaintiff voluntarily dismisses an action without prejudice, it is considered that the suit had never been filed." 758 F.2d 1018 (5th Cir. 1985). Therefore, it is not appropriate for the Court to maintain jurisdiction over a voluntarily dismissed case except to the extent necessary to grant or deny post-judgment motions provided for in the Federal Rules of Civil Procedure. See Estate of Gray v. Dalton, 2015 WL 3620723 (N.D. Miss. 2015) (motion to reopen a case voluntarily dismissed under F.R.C.P. 41(a)(1)(A)(i) was instead treated as a Rule 60(b) motion for relief from a judgment). See also Nelson v. Napolitano, 657 F.3d 586 (7th Cir. 2011)

(holding that a district court retains jurisdiction to consider a Rule 60(b) motion following a voluntary dismissal).

If plaintiff wishes to reopen the case, the proper course of action is to file a new complaint or a proper motion seeking relief from this Judgment. See id. ("Once an action has been dismissed under Rule 41(a)(1) without prejudice, the plaintiff may bring the suit again by filing a new complaint."). Therefore, the Court will not retain jurisdiction over the case for the purposes of granting a motion to reopen the case upon good cause shown.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 18th day of October, 2018.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT